(No. 86-CC-0506—

LOUIS F. BOWMAN and BEVERLY A. BOWMAN, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 13, 1986.*

*Order of dismissal filed August 24, 1990.*

HOAGLAND, MAUKER, BERNARD & ALMETER, for Claimants.

NEIL F. HARTIGAN, Attorney General (PHILLIP McQUILLAN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Raucci, J.

This cause coming on to be heard on the Respondent's motion to dismiss, and Claimants' response thereto, and the Court being fully advised in the premises,

Finds, that the claim for indemnity and/or contribution accrued upon the filing of the complaint of Howard L. Shelton on October 14, 1983, in the circuit court for Madison County.

The action in this Court was filed on September 26, 1985, which was within the two (2) years statute of limitations, and the Court further,

Finds, that the Release and Indemnity provisions of the "Supplementary Provisions" of the "Contractual Services Agreement" does not, by express terms, indemnify Respondent against its own negligence, and therefore the Claimant states a cause of action, and the Court further,

Finds, that Claimants' action is not one for personal injuries and therefore Claimants were not required to file a notice of intent and the Court further,

Finds, that the action is not barred by the fact that Howard L. Shelton received worker's compensation benefits. See *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382.

It is therefore ordered, that the motion to dismiss is denied.

## ORDER OF DISMISSAL

Raucci, J.

This matter coming before the Court upon stipulation for dismissal signed on Claimants' behalf by their

attorney, Stephen J. Maasen, and signed on behalf of Respondent by Assistant Attorney General Phillip McQuillan, and the Court being fully advised in the premises therein,

It is therefore ordered that Claimants' cause of action in the above-styled matter is dismissed with prejudice to the Claimants and at the cost of the Claimants.